WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Tamara Wareka,

  Plaintiff,

v.

Priscilla Tovar LLC, et al.,

  Defendants.

No. CV-25-00323-TUC-AMM (MSA)

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff Tamara Wareka's motion for default judgment. The motion was served on Defendants Priscilla Tovar LLC and Priscilla Tovar, but neither responded and the time for doing so has expired. For the following reasons, the Court will recommend that the motion be granted.

## Background

The Clerk of Court entered Defendants' defaults on December 18, 2025. (Doc. 25.) Therefore, all "well-pled allegations in the complaint regarding liability are deemed true." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)). The first amended complaint contains the following allegations:

Plaintiff is a freelance photographer specializing in beauty and fashion photography. (Doc. 19, ¶ 11.) She is the sole author and exclusive rights holder to a close-up photograph of a blue-eyed model with a blonde strand of hair in front of her face (the Photograph). (*Id.* ¶ 15.) The Photograph as originally published bears Plaintiff's watermark, which is

Plaintiff's Instagram handle. (*Id.* ¶¶ 14, 16 & Ex. A.) Plaintiff has registered the Photograph with the U.S. Copyright Office. (*Id.* ¶¶ 18–19 & Ex. B.)

On January 1, 2025, Plaintiff discovered that the Photograph had been copied and published on Defendants' Instagram Account with the words "7 Facts About Your Lips" added to the image. (*Id.* ¶¶ 29–30 & Ex. D.) Plaintiff's watermark had been partially cropped out, and the uncropped part had been blurred so as to be unreadable. (*Id.* ¶¶ 31–32 & Ex. D.) Plaintiff has never granted Defendants a license or other permission to use the Photograph in any manner. (*Id.* ¶ 33.) Plaintiff's counsel contacted Defendants to resolve the issue informally, but the parties did not reach an agreement. (*Id.* ¶ 38.)

In this lawsuit, Plaintiff brings claims for copyright infringement and for removal of copyright management information. (*Id.* ¶¶ 39–51.) She seeks statutory damages, as well as her costs and attorney's fees. (*Id.* at 10–11.) She seeks to hold Defendants jointly and severally liable for these amounts. (*Id.* ¶ 28.) Following entry of Defendants' defaults, Plaintiff filed the currently pending motion for default judgment. (Doc. 26.)

**Discussion**

There are three steps in the default judgment analysis. The Court must confirm that it has subject matter and personal jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court must then decide whether default judgment is proper under the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). If default judgment is proper, the Court must then determine the plaintiff's damages. Each issue is addressed in turn.

**I.   Jurisdiction**

First, the Court has subject matter jurisdiction. Plaintiff's first claim is for copyright infringement under 17 U.S.C. § 501; her second is for removal of copyright management information under 17 U.S.C. § 1202. (Doc. 19, ¶¶ 39–51.) These claims give the Court subject matter jurisdiction under both 28 U.S.C. § 1331 and § 1338(a).

Second, the Court has personal jurisdiction. "Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."

Fed. R. Civ. P. 4(k)(1)(A). Under this rule, the district court assesses personal jurisdiction under the long-arm statute of the forum state. *Harrington v. Cracker Barrel Old Country Store, Inc.*, 142 F.4th 678, 686 (9th Cir. 2025). Arizona allows the exercise of jurisdiction "to the maximum extent permitted by . . . the United States Constitution," Ariz. R. Civ. P. 4.2(a), such that "the jurisdictional analyses under state law and federal due process are the same." *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1089 (9th Cir. 2023) (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004)).

Defendant Priscilla Tovar is an Arizona resident who was personally served with the summons while in Arizona. (Doc. 19, ¶ 7; Doc. 23.) Personal service on a defendant who is physically present in the forum state establishes personal jurisdiction. *Burnham v. Marin Cnty. Super. Ct.*, 495 U.S. 604, 619 (1990). Defendant Priscilla Tovar LLC, an entity formed under Arizona law, filed a waiver of service. (Doc. 16; Doc. 19, ¶ 6.) For a business entity, the place of formation and principal place of business are "paradigm" forums for the exercise of jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Thus, the Court has personal jurisdiction over both Defendants.

## II.     *Eitel* Factors

The U.S. Court of Appeals for the Ninth Circuit has identified seven factors relevant to whether a default judgment should be granted. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Most favor granting a default judgment here.

The first factor is "the possibility of prejudice to the plaintiff." *Id.* at 1471. "This factor weighs in favor of default judgment 'when a defendant has failed to appear or defend against a suit, and the plaintiffs could not otherwise seek relief.'" *Alameda Elec. Distribs., Inc. v. Eco Eng'g Inc.*, 808 F. Supp. 3d 1014, 1028 (N.D. Cal. 2025) (quoting *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019)). Plaintiff argues that that is the case here, and the Court agrees. (Doc. 26 at 8.)

The second factor is "the merits of plaintiff's substantive claim," and the third is "the sufficiency of the complaint." *Eitel*, 782 F.2d at 1471. "These two factors are often analyzed together and require courts to consider whether a plaintiff has 'state[d] a claim on

which [it] may recover.'" *Vietnam Reform Party*, 416 F. Supp. 3d at 962 (alterations in original) (quoting *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)).

Plaintiff's first claim is for copyright infringement. (Doc. 19, ¶¶ 39–46.) This claim has two elements: (1) "ownership of the allegedly infringed material," and (2) violation of "at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). Plaintiff alleges that she owns the Photograph, and her complaint includes the certificate of registration issued by the U.S. Copyright Office. (Doc. 19, ¶¶ 15, 18–19 & Ex. B.) This meets the first element. *See United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (stating that "[a] copyright registration is 'prima facie evidence of the validity of the copyright and the facts stated in the certificate'" (quoting 17 U.S.C. § 410(c))). As the owner of the Photograph, Plaintiff has the exclusive right to display it publicly. 17 U.S.C. § 106(5). Plaintiff alleges, however, that Defendants displayed the Photograph on their Instagram account without permission. (Doc. 19, ¶¶ 29–38.) Thus, Plaintiff has stated a claim for copyright infringement.

Plaintiff's second claim is for removal of copyright management information. (Doc. 19, ¶¶ 47–51.) The statute provides that "[no] person shall, without the authority of the copyright owner or the law . . . intentionally remove or alter any copyright management information." 17 U.S.C. § 1202(b)(1). Plaintiff alleges that the original Photograph has her watermark on it and that, in the infringing post, Defendants partially cropped out the watermark and blurred out the remainder. (Doc. 19, ¶¶ 14–17, 31–32 & Ex. E.) She further alleges that she never gave Defendants permission to do so. (*Id.* ¶ 33.) These allegations state a claim for intentional removal of Plaintiff's copyright management information without permission.

Given the foregoing, the second and third *Eitel* factors favor default judgment.

The fourth *Eitel* factor is "the sum of money at stake in the action." *Eitel*, 782 F.2d at 1471. "Default judgment is disfavored where the sum of money at stake is too large or

unreasonable in relation to defendant's conduct." *Amazon Content Servs. LLC v. DeBarr*, 793 F. Supp. 3d 1242, 1253 (C.D. Cal. 2025) (quoting *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014)). On Plaintiff's first claim, the Court can award between $750 and $30,000 in statutory damages. 17 U.S.C. § 504(c)(1). If the infringement was willful, the maximum goes up to $150,000. *Id.* § 504(c)(2). On her second claim, the Court can award between $2,500 and $25,000 in statutory damages. *Id.* § 1203(c)(3)(B). In addition, the Court has discretion to award attorney's fees and costs. *Id.* § 505. Plaintiff has adequately alleged that the infringement was willful, so Defendants face a maximum damages award of $175,000 not including fees and costs. Plaintiff, however, seeks only $25,910. The Court finds that this amount is not excessive and that it is proportional to Defendants' conduct. This factor favors default judgment.

The fifth *Eitel* factor is "the possibility of a dispute concerning material facts." *Eitel*, 782 F.2d at 1471–72. "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *DeBarr*, 793 F. Supp. 3d at 1254 (quoting *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012)). As explained above, Plaintiff has adequately pleaded her claims, and Defendants have admitted them by not appearing. This factor favors default judgment.

The sixth *Eitel* factor is "whether the default was due to excusable neglect." *Eitel*, 782 F.2d at 1472. The docket shows that Defendant Priscilla Tovar was served personally, and that Defendant Priscilla Tovar LLC waived service through counsel. (Docs. 16, 23.) Further, Plaintiff alleges that she communicated with Defendants prior to filing this lawsuit in an effort to resolve the dispute informally. (Doc. 19, ¶ 38.) These facts demonstrate that Defendants' absence is willful and not the product of excusable neglect.

The seventh *Eitel* factor is "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1472. While deciding a case on the merits is the preference, doing so "is impossible where a party refuses to participate." *Vietnam Reform Party*, 416 F. Supp. 3d at 970. As such, this factor weighs against default judgment only marginally.

\* \* \*

The *Eitel* factors favor entry of a default judgment.

**III.   Damages**

A default does not result in the admission of the plaintiff's damages allegations. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (per curiam) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)). Thus, a plaintiff seeking a default judgment for money damages ordinarily must prove its damages with admissible evidence. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016). Under the Copyright Act, though, a plaintiff may elect to recover statutory damages in lieu of actual damages. 17 U.S.C. §§ 504(c), 1203(c). Here, Plaintiff has elected statutory damages, and the only question is whether the requested amount is reasonable. *See* 17 U.S.C. §§ 504(c), 1203(c) (authorizing damages in an amount "the court considers just").

On her first claim, Plaintiff seeks $19,400, which is double the rate she has charged for licensing out comparable work in the past. (Doc. 26-1, ¶¶ 29–33 & Ex. D.) Other courts have used this method to calculate damages under the Copyright Act. *See Martinka v. New Thaitown USA, Inc.*, No. 24-cv-06072, 2024 WL 5316224, at \*7 (C.D. Cal. Dec. 4, 2024) (awarding statutory damages in an amount equal to the usual licensing fee times three). The Court finds that a multiplier of two is reasonable in this case, especially considering the willfulness of Defendants' infringement. On her second claim, Plaintiff seeks the statutory minimum of $2,500. (Doc. 26-1, ¶ 34.) This amount is mandatory. 17 U.S.C. § 1203(c)(3)(B) (providing for damages in an amount "of not less than $2,500").

Plaintiff also requests costs and attorney's fees, which are awardable in the district court's discretion. *Id.* § 505. The costs include the $405 filing fee for this case and $680 incurred to serve Defendants. (Doc. 26-1, ¶¶ 39–42 & Exs. F, G.) Counsel's fees total $2,925, reflecting 7.8 hours of work at a rate of $375 per hour. (*Id.* ¶¶ 37–38 & Ex. E.) These figures are reasonable and supported by evidence in the record. The Court finds that they should be awarded.

**Conclusion**

The Court recommends that Plaintiff Tamara Wareka's motion for default judgment (Doc. 26) be **granted**; that a default judgment be entered against Defendants Priscilla Tovar LLC and Priscilla Tovar jointly and severally in the amount of $25,910 (comprised of $21,900 in statutory damages, $1,085 in costs, and $2,925 in attorney's fees); and that Plaintiff be awarded post-judgment interest at the current rate.

This recommendation is not immediately appealable to the United States Court of Appeals for the Ninth Circuit. The parties have 14 days to file specific written objections with the district court. Fed. R. Civ. P. 72(b)(2). The parties have 14 days to file responses to objections. *Id.* The parties may not file replies on objections absent the district court's permission. A failure to file timely objections may result in the waiver of de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

Dated this 16th day of April, 2026.

_____
Honorable Maria S. Aguilera
United States Magistrate Judge

- 7 -